IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELORIS HOWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-4002-G-BN |
| | § | |
| WAL-MART, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Paying the fee to do so, Plaintiff Deloris Howell filed a *pro se* lawsuit raising claims under Title VII of the Civil Rights Act of 1964, for race discrimination and retaliation. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And whether venue is proper in the Dallas Division of this district is implicated by the face of Howell's complaint where she alleges that she was employed at a Wal-Mart located in Denton, Texas (where she also resides). *See, e.g.*, Dkt. No. 3 at 6.

Venue is governed by Title VII's special venue provisions, which "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII

employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

Section 2000e-5(f)(3) provides that

> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

So, under Section 2000e-5(f)(3), "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful employment practices occurred." *Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (cleaned up).

Still, 28 U.S.C. § 1404(a) allows for transfers for "good cause" where it's "clearly demonstrat[ed] that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (cleaned up; quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*,

886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Having considered the applicable private and public interest factors, *see Volkswagen*, 545 F.3d at 315 (5th Cir. 2008), venue is clearly more convenient where Howell was plausibly employed, at a Wal-Mart store in Denton County and so in the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

That is because "everything [ ] about [Howell's] work … is located outside this district, and much of it, including coworkers, supervisors, employment records, and work-related documents, are located" in Denton. *Fowler v. Deloitte & Touche, LLP*, Civ. A. No. 15-2695, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017).

The Court will therefore transfer this action to Sherman Division of the Eastern District of Texas under Section 1404(a) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **December 10, 2026** to allow any party to file an objection to Judge Fish within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

Only if an objection is filed will this order of transfer be stayed pending further order of the Court.

SO ORDERED.

DATED: November 18, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE